## LASHWAY et v FULTON

Ohio Appeals, 6th Dist, Wood Co

No 575.   Decided Feb 8, 1935

Benjamin F. James, Bowling Green, for plaintiffs in error.

Bowman & James, Bowling Green, and Alva) W. Bachman, Bowling Green, for defendants in error.

## OPINION

### By OVERMYER, J.

It appears from the record that the only defendant upon whom service was had on the petition in error is the defendant Morris, special liquidator of the bank, but the special counsel for the Superintendent of Banks appeared in this court and argued the case, and we assume in the absence of objection from him on that question that he has entered the appearance of the Superintendent of Banks.

The question was raised in argument as to whether this case is properly in this court. §710-95, GC, became effective on March 31, 1933, and the application herein was filed in Common Pleas Court on November 14, 1934.   The above mentioned sec-

tion provides, in paragraph 9 thereof, that the Superintendent of Banks shall have exclusive jurisdiction to bring suit to collect the double liability of stockholders, and then provides further as follows:

"Without prejudice to or limitation of the foregoing powers, authority and duties, the Superintendent of Banks may, upon application to the Court of Common Pleas in which the proceedings for the liquidation of such bank are pending, or a judge thereof, and on such terms as such court, or judge, may by order approve;

1. Sell or compromise any or all bad or doubtful assets and debts owing to such bank, compromise claims against such bank, &c.

5. * * * In case of doubt or difficulty, the Superintendent may ask the instructions of such court, or a judge thereof, as to the manner in which he should exercise his powers and discretion. He shall not be directed or restrained in the exercise of his powers or discretion otherwise than in a suit in equity in which it shall be alleged and proved that he has exceeded or abused such powers and discretion.

* * *

No order of the Common Pleas Court, or judge thereof, entered pursuant to this section shall be deemed a final order; but by leave of court an independent suit may be brought not later than five days after such order is entered by any such person deeming himself aggrieved thereby, to restrain any action thereby authorized."

If §710-95, GC, is constitutional, which question was not raised in this court and which we are not deciding, then it appears that the plaintiffs in error must follow the procedure there outlined and by leave of court begin an action in equity in Common Pleas Court within five days from the order of the court complained of, and that proceedings in error from such order, as here attempted, are without authority.

However that may be, we have carefully read the record in this case and all the evidence offered in the Common Pleas Court, and we agree with the court below that there is no evidence in the record to show that the defendant Superintendent of Banks is abusing the discretion and power vested in him by law in compromising and adjusting said claim on the basis set forth in the application; that there is no evidence in the record, offered by the plaintiffs in error, or any one else, to prove that said Case is not insolvent. On the contrary, the evidence is undisputed that he is insolvent. There is no evidence in the record that $500.00 or any sum could be realized on said judgment by any other method than the agreement which has already been signed by his other creditors, some of whom hold mortgage liens on Case's property prior to the claim represented by the judgment herein, and which agreement awaits only the signature of the Superintendent of Banks.

The foregoing conclusions are reached without considering the question as to whether or not Mr. Case is a necessary party to those proceedings, he not having been made a party thereto.

On the record and the evidence before the court below, that court could not do otherwise than grant the application of the Superintendent of Banks, and for the same reason this court must affirm the judgment.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.